**RECORD NO. 14-10472-BB**

In The
# United States Court of Appeals
## For The Eleventh Circuit

# JOE HOUSTON,

*Plaintiff – Appellant*,

**versus**

# 7-ELEVEN, INC.,

*Defendant – Appellee*.

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA**

———————

**REPLY BRIEF OF APPELLANT**

———————

Thomas B. Bacon
THOMAS B. BACON, P.A.
4868 S.W. 103rd Avenue
Cooper City, Florida  33328
(954) 925-6488

*Counsel for Appellant*

**THE LEX GROUP** ♦ 1108 East Main Street ♦ Suite 1400 ♦ Richmond, VA  23219
(804) 644-4419 ♦ (800) 856-4419 ♦ Fax: (804) 644-3660 ♦ www.thelexgroup.com

# Table of Contents

                                                                **Page**

Table of Authorities ................................................................................ ii

I.     Argument ........................................................................................1

        A.     <u>Sheely</u> Is Applicable And Consistent With Other Caselaw Applying The Mootness Doctrine ..........................................................1

        B.     There Is No Architectural Exception To <u>Sheely</u> ...................................7

        C.     Defendant's Arguments That It Satisfied The Requirements Of <u>Sheely</u> Are Absurd ........................................................................9

        D.     Defendant's Readily Achievable Argument Is Misplaced..................10

        E.     On The Issue Of Spoilation, 7-Eleven Is Disingenuous .....................10

II.    Conclusion ...................................................................................12

Certificate of Compliance

Certificate of Filing and Service

## Table of Authorities

Page(s)

**Cases**

Alaska Ctr. for Env't v. U.S. Forest Serv.,

    189 F.3d 851 (9th Cir. 1999) ...................................................................................3

Alcoa, Inc. v. Bonneville Power Admin.,

    698 F.3d 774 (9th Cir. 2012) ................................................................................2, 3

Armstrong v. Davis,

    275 F.3d 849 (9th Cir. 2001) ...................................................................................2

Athiests of Florida, Inc. v. City of Lakeland, Florida,

    713 F.3d 577 (11th Cir. 2013) ............................................................................2, 4

City of Mesquite v. Aladdin's Castle, Inc.,

    455 U.S. 283, 102 S. Ct. 1070 (1982) .....................................................................4

Demery v. Arpaio,

    378 F.3d 1020 (9th Cir. 2004) .................................................................................3

Doran v. 7-Eleven, Corp.,

    524 F.3d 1034 (9th Cir. 2007) ...............................................................................11

First Nat'l Bank v. Bellotti,

    435 U.S. 765, 98 S. Ct. 1407 (1978) .......................................................................3

*Chief authorities are denoted by an asterisk

*Friends of The Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.,

    528 U.S. 167, 120 S. Ct. 693 (2000) ...............................................................................1

Grabau v. Target Corp.,

    2008 WL 616068 (D. Colo. 2008)...............................................................................11

Hall v. Bd. of Sch. Comm'rs,

    656 F.2d 999 (5th Cir. 1981) .......................................................................................2

Humane Soc'y of the United States v. Clinton,

    236 F.3d 1320 (Fed. Cir. 2001) ...................................................................................2

Independent Living Resources v. Oregon Arena Corp.,

    982 F. Supp. 698 (D. Or. 1997) ...................................................................................2

Jackson v. California Dept. Of Mental Health,

    399 F.3d 1069 (9th Cir. 2005) .....................................................................................2

Military Order of the Purple Heart v. Sec'y of Veterans Affairs,

    580 F.3d 1293 (Fed. Cir. 2009) ...................................................................................4

*Moeller v. Taco Bell Corp.,

    2009 WL 3066658 (N.D. Cal. 2009)..........................................................................11

*Moeller v. Taco Bell Corp.,

    816 F. Supp. 2d 831 (N.D. Cal. 2011).....................................................................2, 7

MONY Life Ins. Co. v. Hinsdale Mgmt,

    2002 WL 1285076 (N.D. Ill. 2002)............................................................................11

Murphy v. Hunt,

    455 U.S. 478, 102 S. Ct. 1181 (1982) ............................................................3

National Ass'n of Boards of Pharmacy v. Board of Regents of the

National Ass'n of Boards of Pharmacy v. Board of Regents of the

University System of Georgia,

    633 F.3d 1297 (11th Cir. 2011) ....................................................................4

Renne v. Geary,

    501 U.S. 312, 111 S. Ct. 2331 (1991) ...........................................................2

Sec'y of Labor v. Burger King Corp.,

    955 F.2d 681 (11th Cir. 1992) ................................................................. 1-2

*Sheely v. MRI Radiology Network, P.A.,

    505 F.3d 1173 (11th Cir. 2007) ............................................................passim

Spencer v. Kemma,

    523 U.S. 1, 118 S. Ct. 978 (1998) .................................................................3

U.S. v. W.T. Grant Co.,

    345 U.S. 629, 73 S. Ct. 894 (1953) ..............................................................1

Weinstein v. Bradford,

    423 U.S. 147, 96 S. Ct. 347 (1975) ..............................................................3

Yunker v. Allianceone Receivables Management, Inc.,

    701 F.3d 369 (11th Cir. 2012) .................................................................2, 4

I.  **Argument**

7-Eleven essentially argues, on the one hand, that the elements of Sheely v. MRI Radiology Network, P.A., 505 F.3d 1173, 1182 (11th Cir. 2007) are inapplicable to this case because it applies exclusively to conduct and not architectural barriers. On the other hand, 7-Eleven argues that it satisfies the elements of Sheely. It is incorrect on both counts.

> A.  **Sheely Is Applicable And Consistent With Other Caselaw Applying The Mootness Doctrine**

The elements set forth by this Circuit are consistent with other authorities which constrain the mootness doctrine to those rare and "stringent" circumstances as required by the Supreme Court in Friends of The Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., 528 U.S. 167, 189, 120 S. Ct. 693 (2000). Indeed, Sheely's requirement that the challenged conduct be found to be "isolated or unintentional, as opposed to a continuing and deliberate practice"[1] is entirely consistent with other authorities in a variety of factual scenarios.

Indeed, many courts have denied the mootness defense where the challenged conduct was found to be part of a continuing practice.  See U.S. v. W.T. Grant Co., 345 U.S. 629, 632 n.5, 73 S. Ct. 894 (1953)("When defendants are shown to have settled into a continuing practice ..., courts will not assume that it has been abandoned without clear proof." (internal quotation marks omitted)); Sec'y of

---

[1] 505 F.3d at 1183-84.

1

Labor v. Burger King Corp., 955 F.2d 681, 684 (11th Cir. 1992) ("five-year history of violations" cut against finding of mootness); Hall v. Bd. of Sch. Comm'rs, 656 F.2d 999, 1000 (5th Cir. 1981) ("longstanding practice" cut against finding of mootness); Athiests of Florida, Inc. v. City of Lakeland, Florida, 713 F.3d 577, 594 (11th Cir. 2013); Armstrong v. Davis, 275 F.3d 849 (9th Cir. 2001)(mootness finding unwarranted where the defendants have repeatedly engaged in the injurious acts in the past);  Independent Living Resources v. Oregon Arena Corp., 982 F. Supp. 698, 707 (D. Or. 1997)(A discriminatory pattern and practice of a defendant can prevent a case from being rendered moot); Moeller v. Taco Bell Corp., 816 F. Supp. 2d 831 (N.D. Cal. 2011)(Title III ADA case involving similar barriers).

Sheely's "isolated and unintentional" requirement is likewise consistent with the recognized exception to the mootness doctrine where the complained of conduct is capable of repetition yet evading review.  Renne v. Geary, 501 U.S. 312, 320, 111 S. Ct. 2331 (1991) ("[T]he mootness exception for disputes capable of repetition yet evading review ... will not revive a dispute which became moot before the action commenced"); Humane Soc'y of the United States v. Clinton, 236 F.3d 1320, 1331 (Fed. Cir. 2001); Alcoa, Inc. v. Bonneville Power Admin., 698 F.3d 774 (9th Cir. 2012); Jackson v. California Dept. Of Mental Health, 399 F.3d 1069, 1072 (9th Cir. 2005); Yunker v. Allianceone Receivables Management, Inc., 701 F.3d 369, 372-73 (11th Cir. 2012).

A dispute is capable of repetition while evading review, and a case based on that dispute remains live, if: (1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again. Alcoa, 698 F.3d at 786; Demery v. Arpaio, 378 F.3d 1020, 1026-27 (9th Cir. 2004). Spencer v. Kemma, 523 U.S. 1, 17-18, 118 S. Ct. 978 (1998); Murphy v. Hunt, 455 U.S. 478, 482, 102 S. Ct. 1181 (1982); Weinstein v. Bradford, 423 U.S. 147, 149, 96 S. Ct. 347 (1975).

Challenged conduct is "capable of repetition," where there is evidence that the challenged conduct has occurred in the past, or there is a reasonable expectation that the challenging party would again face the same alleged invasion of rights from the same defendant. Alcoa, 698 F.3d at 786-87; Alaska Ctr. for Env't v. U.S. Forest Serv., 189 F.3d 851, 855 (9th Cir. 1999); First Nat'l Bank v. Bellotti, 435 U.S. 765, 774, 98 S. Ct. 1407 (1978).

The District Court entirely ignored this body of caselaw and the Defendant would have this Circuit Court do the same. Entirely ignored was the fact that 7-Eleven is a serial violator and has been sued for Title III discrimination 30 times in Florida alone since 1998, including a class action suing 7-Eleven for ADA discrimination throughout its entire chain. Entirely ignored was the fact that Mr. Houston sued 7-Eleven several times in the past for similar discriminatory

3

practices and is currently suing 7-Eleven for virtually identical discrimination in 28 other stores.

Nor does Sheely stand alone in holding that a defendant cannot moot a case where repentance was intended to deprive the court of jurisdiction. See also Athiests of Florida, Inc. v. City of Lakeland, Florida, 713 F.3d 577, 594 (11th Cir. 2013); City of Mesquite v. Aladdin's Castle, Inc., 455 U.S. 283, 289, 102 S. Ct. 1070 (1982); Yunker v. Allianceone Receivables Management, Inc., 701 F.3d 369, 372-73 (11th Cir. 2012); National Ass'n of Boards of Pharmacy v. Board of Regents of the National Ass'n of Boards of Pharmacy v. Board of Regents of the University System of Georgia, 633 F.3d 1297, 1310 (11th Cir. 2011); Military Order of the Purple Heart v. Sec'y of Veterans Affairs, 580 F.3d 1293, 1295 (Fed. Cir. 2009).

Defendant advances virtually no argument on these major issues and the District Court ignored them entirely. Houston submits this, by itself, is reversible error.

The precedential impact of this case is simple. If 7-Eleven is allowed to succeed, then it is effectively immune from the requirements of the ADA. Private plaintiffs and their attorneys are the only ones who enforce this law against such defendants. They cannot afford to do so if 7-Eleven is allowed to use the judicial process as a safe harbor, making litigation as expensive and time consuming as

4

possible for the plaintiff and their attorneys, while using the delay to trial to fix the store at issue. ***Any***[2] 7-Eleven store can be rendered ADA compliant in time to divest the courts of jurisdiction and 7-Eleven can always simply employ this defense strategy.[3] Indeed, any property can be fixed in the many months between the filing of the complaint and time of trial. In effect, any defendant can exercise the option of frivolously prolonging litigation[4] long enough to moot the claims prior to trial. This is especially true since no district court has ever sanctioned a defendant for such vexatious delay tactics and the normal safeguards against frivolous litigation have been widely ignored.

Indeed, 7-Eleven employs this method in a widespread pattern and practice intentionally. This essential theme was established by the Declarations of John Falso, his deposition transcript and 7-Eleven's efforts at maintaining the confidentiality of its expert reports. Despite 7-Eleven's declaration that it has a

---

[2] By 7-Eleven's own account, the store at issue was brought into compliance in just two months time.

[3] 7-Eleven claims that Plaintiff and his expert concede or admit that the 7090 store is ADA compliant. No such admission was ever made.

[4] At p. 27 of its Appellee Brief, 7-Eleven refers to "the decision of plaintiffs to meritlessly prolong ADA actions by refusing to settle on the merits unless their (often exhorbitant) fee demands are met." This is completely backwards. To the contrary, defendants always have the ability to end litigation at any time by simply admitting their violations. If 7-Eleven admitted the existence of violations, the case would immediately cease and the reasonable attorney fees to which plaintiff's attorneys are entitled would be limited. Any multiplication of fees and costs are entirely the result of defendants' conduct.

5

policy of accessibility, its own facilities manager admitted that nobody at 7-Eleven knows anything about the ADA's requirements and virtually nothing is done to comply. However, 7-Eleven has two ADA experts on retainer, Messrs. Goldfarb and Gross. Their services are used only with respect to litigation. Specifically, when a given store is sued, they are employed to make it compliant and certify it so. They are then sent back home and their services are not again utilized until the next lawsuit is filed.[5]

Contrary to the District Court's or Defendant's assertions, it is not Mr. Houston's duty[6] to serve as 7-Eleven's private ADA consultant.[7] By virtue of having been sued repeatedly, 7-Eleven was put on notice long ago that it operates its chain of stores in violation of the ADA. It has two experts on retainer, but elects not to use them. It is 7-Eleven's duty to cease and desist from continually discriminating against the disabled. It is not the duty of the disabled to remind or

---

[5] 7-Eleven claims it first received notice of violations when it was sued and immediately undertook to fix everything. This is untrue. Falso's own testimony, conflicting declarations and documents produced revealed that he knew about the broken ramp many months prior to the filing of the lawsuit, but did not hire a consultant to address it or begin work on fixing it until after the suit was filed.

[6] 7-Eleven's claims at having a policy of compliance are simply unbelievable, given that they had no grab bars in the restroom and completely blocked wheelchair passage.

[7] It is patently absurd that 7-Eleven was unaware of its broken ramp, blocked passageway, or complete absence of grab bars or other accessible features until Mr. Houston sued.

6

advise 7-Eleven of its discriminatory practices.  7-Eleven is essentially the quintessential "opportunistic" defendant which games the judicial system to ignore the ADA, then utilizes the mootness doctrine to make enforcement impossible.

### B.     There Is No Architectural Exception To Sheely

The District Court and 7-Eleven cite other district court decisions and argue that Sheely doesn't apply because it pertains to conduct, whereas architectural barriers are permanent. None of those district court cases cite any evidence in their own record to support this assumption.  By contrast, in the record[8] below, 7-Eleven's own facilities manager admitted that none of those conditions are permanent. Plaintiff's own expert opined that none of those conditions are permanent. 7-Eleven's expert did not dispute this opinion. Moreover, 7-Eleven's own concrete ramp was so badly maintained that it had fallen into disrepair, effectively proving that none of the conditions are permanent.  Indeed, the only case in which research found the existence of any evidence on record on this issue is Moeller v. Taco Bell Corp., 816 F. Supp. 2d 831, 859-62 (N.D. Cal. 2011), where the defendant's own facility leader had testified (like Mr. Falso) that none of the conditions are permanent. Thus, the court held that defendant's remediations did not moot the case.

---

[8] 7-Eleven claims that Plaintiff concedes 7-Eleven's version of facts because no statement of material facts were filed. This is untrue.  Plaintiff filed a statement of material facts at DE 19 and makes factual references to the Record throughout its brief in opposition 7-Eleven's summary judgment motion.

7

7-Eleven and the District Court assert that it was somehow Plaintiff's burden of proving that 7-Eleven would spend money to undo its remediations. This completely mischaracterizes the applicable burden. It is 7-Eleven's "formidable burden" of proving the challenged conduct cannot reasonably be anticipated to recur. 7-Eleven's own facilities manager testified that the elements will fall apart. 7-Eleven's own conduct and the pictures of the broken concrete ramp demonstrated that they did, in fact, fall apart and that 7-Eleven waited months, until after the lawsuit was filed, before it made any effort to fix it. Moreover, the affidavits and pictures showing virtually identical conditions at 28 other 7-Eleven stores effectively proves that this discrimination is in fact occurring on an ongoing basis.

Moreover, some of the barriers Houston encountered was the result of conduct, rather than a simple architectural barrier. These included the placement of obstacles in the pathway to the restroom as well as the failure to maintain the ramp. In the greater context and consistent with the continuing practice cases, 7-Eleven's overall policy of ignoring the ADA until sued is also discriminatory conduct, which cannot be mooted.

Quite simply, this case does not fall outside the requirements of Sheely or other cases narrowing the mootness defense to "rare" and "stringent" circumstances. Architectural barriers do not create any special subset because the

evidence and testimony in this case proves they are not truly permanent. Moreover, 7-Eleven's policy of failing to maintain, blocking pathways with storage and otherwise ignoring the obvious ADA violations at its chain of stores (until sued) are hardly "architectural". 7-Eleven's widespread pattern and practice is the very continuing discrimination capable of repetition by evading judicial review that are excepted from the mootness doctrine. 7-Eleven's discriminatory conduct is so obvious that discriminatory intent is easily inferred and such conduct cannot be mooted.

### C. Defendant's Arguments That It Satisfied The Requirements Of <u>Sheely</u> Are Absurd

Defendant's arguments that it satisfied the requirements of <u>Sheely</u> ignore the facts. First, in holding that the violations at the 7090 Pines store were "isolated" the District Court entirely ignored the 30 prior Florida lawsuits and the slew of evidence submitted affirmatively demonstrating that 7-Eleven's entire chain of stores is riddled with similar or identical violations. Second, there is no dispute that 7-Eleven allegedly "fixed" the 7090 store solely in response to this litigation. Its actions were neither "voluntary", nor "sincere", nor motivated by any goal other than to avoid jurisdiction of the federal courts and thwart yet another enforcement action. Third, the notion that a statement made by Plaintiff's counsel constitutes an admission by the defendant are patently absurd.

9

### D.   Defendant's Readily Achievable Argument Is Misplaced

Defendant spends several pages curiously arguing the "readily achievable" standard. This issue is simply inapplicable to this case. According to 7-Eleven, it fixed all the violations and did so in only two months' time.  Having made this claim, the issue of what is or is not readily achievable is in the past. However, if 7-Eleven is implying that it had a good faith defense for allowing its entire chain of stores to remain in such a dismal state of non-compliance, such is again unsupported by any facts on record. Indeed, the evidence and testimony revealed that nobody at 7-Eleven knows anything about the ADA, or does anything to comply with the ADA until sued. Only then does it hire experts and strictly limits their services to the stores that are sued. It is not the "readily achievable" standard, but rather 7-Eleven's intentional disregard of the ADA that explains how 24 years passed without a single grab bar being installed in the restroom; how the curb ramp was broken, how the door and sink were inaccessible and how the hallway was completely blocked with obstructions to anybody in a wheelchair.

### E.   On The Issue Of Spoilation, 7-Eleven Is Disingenuous

7-Eleven praises itself for claiming to have fixed the violations at the 7090 Pines Store and questions Plaintiff's right to raise the issue of spoilation.  If 7-Eleven sincerely had ADA compliance in mind, it would have begun fixing all its stores when the statute was enacted in 1990, or at least would have commenced

doing so in 1998 when the first lawsuit was filed in Florida. Rather, avoiding jurisdiction of the courts and the enforcement mechanism of the ADA is exactly and exclusively the goal. An important subset of that goal, however, is spoilation of the evidence.

    7-Eleven actively frustrated all attempts by Plaintiff's counsel to have their expert conduct a formal rule 34 inspection of the property, delaying the matter as long as possible.  When Plaintiff's expert conducted an unnoticed inspection of the property,[9] 7-Eleven objected vigorously.

    More significantly, 7-Eleven typically uses two different experts on such occasions. It first sends Dave Goldfarb to identify the violations and provide a report, then sends Jeff Gross, who rubber stamps a certification of compliance without ever seeing Mr. Goldfarb's report.  Thus, 7-Eleven not only destroys and conceals the relevant evidence from Plaintiff and the courts, but also *from its own expert*.  Contrary to 7-Eleven's claims, these tactics are neither lofty nor made in any sort of good faith.

---

[9] Because 7-Eleven is a place of public accommodation, and Plaintiff's expert is entitled to go anywhere open to the public, no rule 34 notice is required. See Doran v. 7-Eleven, Corp., 524 F.3d 1034, 1039 n.2 (9th Cir. 2007); Moeller v. Taco Bell Corp., 2009 WL 3066658 *2 (N.D. Cal. 2009); Grabau v. Target Corp., 2008 WL 616068 *3 (D. Colo. 2008); MONY Life Ins. Co. v. Hinsdale Mgmt, 2002 WL 1285076 *3 (N.D. Ill. 2002).

## II.    Conclusion

For the foregoing reasons, the District Court committed reversible error in dismissing the case as moot and summary judgment should be granted in Plaintiff's favor.

Respectfully submitted,
Attorney for Plaintiff/Appellant:

/s/ Thomas B. Bacon
Thomas B. Bacon, P.A.
4868 S.W. 103rd Ave.
Cooper City, FL 33328
ph. (954) 925-6488
fax (954) 237-1990
Fl. Bar No. 139262
tbb@thomasbaconlaw.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief complies with F.R.A.P. 32(a)(7) and contains fewer than 7,000 words. Specifically, the brief has 2,803 words. The typeface and font is Times New Roman 14 pt.

/s/ Thomas B. Bacon
*Counsel for Appellant*

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 12th day of May, 2014, I caused this Reply Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

>Melinda Evans
>Julia R. Trotter
>CALL & JENSEN, APC
>610 Newport Center Drive, Suite 700
>Newport Beach, California  92660
>(949) 717-3000
>
>*Counsel for Appellee*

I further certify that I caused the required copies of the Reply Brief of Appellant to be filed with the Clerk of the Court and one copy to be served, via UPS Ground Transportation to counsel for Appellee at the above address.

/s/ Thomas B. Bacon
*Counsel for Appellant*
